**DORF NELSON & ZAUDERER LLP**

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

February 6, 2024

**VIA ECF**

Honorable Orelia E. Merchant
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Lorenzo Angel Ponce v. 216 5th Ave. Food Corp.* et al., EDNY No. 24-cv-0262 (OEM)(SJB)

Dear Judge Merchant:

We represent the corporate defendant, 216 5th Ave. Food Corp. ("Defendant"), in the above-referenced action and write pursuant to your Honor's Individual Practices and Rules to request a conference in advance of Defendant's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

In this action, Plaintiff Lorenzo Angel Ponce claims he is due overtime pay from a job that ended four years ago. Plaintiff invokes the Court's (i) federal question jurisdiction because he asserts his first claim under the Fair Labor Standards Act ("FLSA," codified at 29 U.S.C. §§ 201 *et seq.*), and (ii) supplemental jurisdiction over his three residual claims under New York law. (Complaint, ¶¶ 3-4) However, it is clear from the allegations in the Complaint that Plaintiff's FLSA claim is time-barred. As a result, the Court should dismiss that claim and decline supplemental jurisdiction over his remaining claims, which belong in state court, if anywhere.[1]

Overtime pay claims under the FLSA are generally subject to a two-year statute of limitations, unless the employer acted willfully, in which event the limitations period may expand to three years. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021) (citing 29 U.S.C. § 255(a)). To get the benefit of the longer limitations period, allegations of the employer's "willfulness" cannot be conclusory. *Id.* at 323 ("[W]e hold that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply."). When it is apparent from the Complaint that "the [FLSA] claim is out of time," the Court may dismiss it on a pre-answer motion. *Id.* at 319 (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

In this case, Plaintiff's FLSA claim is clearly time-barred. He alleges that the defendants employed him "[f]rom approximately June 2008 to, through and including, February 2020…." (Compl., ¶¶ 41, 43) However, he did not file this action until January 11, 2024, nearly *four* years later. (Dkt. No. 1) Thus, it is apparent from the Complaint that Plaintiff's FLSA claim is time-barred even under the

---

[1] These claims are infirm, too.

Hon. Orelia E. Merchant
February 6, 2024
Page 2 of 2

longer, three-year limitations period, which should not apply here anyway.[2]  The Court should therefore dismiss it and the remainder of the action for lack of supplemental jurisdiction, just as the district court did in *Whiteside*.  *Cf. Whiteside*, 995 F.3d at 319-20, 325 (affirming judgment that declined supplemental jurisdiction over the plaintiff's state law claims after concluding "the TAC clearly shows that Whiteside commenced this action almost one year after the applicable two-year [FLSA] limitations period expired").

For these reasons, Defendant respectfully requests a pre-motion conference.

Respectfully submitted,

/s/ *David S. Warner*

David S. Warner

cc:  Counsel of Record (via ECF)

---

[2]  As in *Whiteside,* Plaintiff's FLSA claim should be subject to the two-year limitations period because he makes only conclusory allegations of "willfulness" (*see* Compl., ¶¶ 66-67).